IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ANGELO RAFAEL TORRES,** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 5:05-CV-285 (DF) |
| | : | |
| **DR. ALETA GARDNER,** | : | |
| | : | **PROCEEDINGS UNDER 42U.S.C. § 1983** |
| Defendant | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

# ORDER AND RECOMMENDATION OF DISMISSAL

Plaintiff **ANGELO RAFAEL TORRES**, has filed the above-captioned complaint pursuant to 42 U.S.C. § 1983. He seeks leave to proceed without prepayment of the filing fee under 28 U.S.C. §1915. As it appears plaintiff is unable to pay the cost of commencing this action the request to proceed *in forma pauperis* is **GRANTED**.

## I. STANDARD OF REVIEW

Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989).

1

In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

In any § 1983 action, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present. First, plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Parratt v. Taylor***, 451 U.S. 527, 535, ***overruled in part on other grounds,*** 474 U.S. 327 (1986).

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff states in his complaint that DR. GARDNER took his oxygen tank and had him removed from the prison infirmary. He states that he was given medication when he was not able to breathe well and had chest pain. Plaintiff states that he needs his oxygen tank and needs to be placed in a well ventilated area.

## III.  RECOMMENDATION OF DISMISSAL

In ***Estelle v. Gamble***, 429 U.S. 97 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the `unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment."

However, the question of whether particular diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment. Medical malpractice, or negligence on the part of a physician, does not become a constitutional violation merely because the patient is a prisoner. *Id.* at 105; ***Adams v. Poag***, 61 F.3d 1537, 1543 (11th Cir. 1995). A prisoner's mere allegation of improper or untimely treatment, without more, states at most a claim for medical malpractice cognizable under state law. *Id.* ***Howell v. Evans***, 922 F.2d 712 (11th Cir.), *vacated as moot*, 931 F.2d 711 (1991), *reinstated by unpublished order, sub. nom* ***Howell v. Burden***, 12 F.3d 190, 191 n.\* (1994).

Further, in order to prevail in a § 1983 case involving allegations of deliberate indifference to his serious medical needs, a plaintiff must show more than mere negligence or error in judgment. He must show some purposeful or intentional denial of necessary medical treatment or at least that the medical treatment that was given was so grossly incompetent as to shock the conscience. ***Mandel v. Doe***, 888 F.2d 783 (11th Cir. 1989); ***Washington v. Dugger***, 860 F.2d 1018 (11th Cir. 1988); ***Ancata v. Prison Health Services***, 769 F.2d 700, 703-04 (11th Cir. 1985). A plaintiff's difference of opinion with trained medical personnel as to what is medically justifiable or what constitutes a medical necessity is not a basis upon which one can recover under § 1983. ***See Waldrop v. Evans***, 871 F.2d 1030 (11th Cir. 1989); ***Bass v. Sullivan***, 550 F.2d 229 (5th Cir.), ***cert. denied***, 434 U.S. 864 (1977).

In the within complaint, plaintiff does not allege that defendant was deliberately indifferent to his serious medical condition. Rather, plaintiff states his opinion of what he needs. As such, plaintiff has demonstrated a difference of opinion with Dr. Gardner which is not a basis upon which he can recover under § 1983.

## *IV. CONCLUSION*

Accordingly, IT IS RECOMMENDED that the within complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915. Pursuant to 28  U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO ORDERED AND RECOMMENDED**, this 13th day of OCTOBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE