IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ANGELO RAFAEL TORRES,** | : | |
| **Plaintiff,** | : | |
| vs. | : | 5:05-CV-285(DF) |
| **DR. ALETA GARDNER,** | : | |
| **Defendant.** | : | |

### O R D E R

This order hereby adopts and incorporates the Report and Recommendation (doc. 4) entered by United States Magistrate Judge Claude W. Hicks, Jr. on October 13, 2005. Neither party served or filed written objections to the Magistrate Judge's Recommendation.

On August 12, 2005, Plaintiff, an inmate proceeding pro se, filed the instant action and requested in forma pauperis status. In his Complaint, Plaintiff alleged that he was entitled to monetary and injunctive relief because Defendant, Dr. Gardner, took him off of his oxygen tank, and, since then, he has "not been breathing at all well." (Compl. 4.) On October 13, 2005, the Magistrate Judge granted Plaintiff in forma pauperis status, and recommended a pre-answer dismissal of Plaintiff's case pursuant to 28 U.S.C. § 1915.

Section 1915 allows a district court to dismiss a case filed in forma pauperis *at any time*—even before service of process—if it is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii) (West 2006).

According to the Magistrate Judge, Plaintiff's action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because, inter alia, he did not state a claim for relief under 42 U.S.C. § 1983 and the Eighth Amendment.  To state an Eighth Amendment claim, the plaintiff must allege both an objectively serious medical need and subjective intent of deliberate indifference.  *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).  Even assuming Plaintiff's claim that he was unable to breathe properly demonstrated an objectively serious medical need, he still failed to allege the subjective component of deliberate indifference.  To establish the subjective component of deliberate indifference, Plaintiff must allege three facts: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."  *Id*.  Although deliberate indifference can be established by showing "grossly inadequate care" or "medical care which is so cursory as to amount to no treatment at all," an allegation of negligence "in diagnosing or treating a medical condition does not state a valid claim for medical mistreatment under the Eighth Amendment."  *McElligott v. Foley*, 182 F.3d 1248, 1254-55 (11th Cir. 1999) (internal quotation marks omitted).  Furthermore, "a simple difference in medical opinion between the prison's medical staff and the inmate" regarding the latter's course of treatment does not state an Eighth Amendment claim.  *Harris v.*

*Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).

Here, Plaintiff's Complaint alleged at most medical malpractice and not deliberate indifference. Plaintiff's own allegations establish that he was monitored by prison medical staff regularly and was prescribed medication when he complained of breathing problems and chest pain. As the Magistrate Judge correctly concluded, Plaintiff's claim rests on his difference of opinion with the prison medical staff over the course of his treatment, which does not rise to the level of an Eighth Amendment violation.

Accordingly, the above-captioned action is hereby **DISMISSED**.

SO ORDERED, this 27th day of October, 2006.

/s/ **Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab